## SUPERIOR COURT

Rose A. Raymond
vs.
The Kennedy Company } No. 62951

Joseph Raymond
vs.
The Kennedy Company } No. 62952

RESCRIPT

May 26, 1925

Hahn, J. Heard on demurrers to the declarations in two actions, one for damages for injuries to Rose A. Raymond, and the other for loss and damages sustained by Joseph Raymond, her husband, arising through such injury.

The declarations allege that defendant was in the control and possession of a certain building, designated by the number, 180 Westminster Street, and bordering on said Westminster Street, immediately adjacent to the sidewalk thereof; that by reason of natural causes snow and ice had formed upon the upper portions of said building, and that on March 14, 1924, a piece of ice fell from said building upon the plaintiff, Rose A. Raymond, causing the injuries set forth.

The main question upon the demurrer is whether or not the maxim, "res ipsa loquitur," applies to the case; i. e. whether the mere fact that ice formed by natural causes fell from defendant's building upon the plaintiff, walking along the sidewalk below, constitutes negligence per se for which the defendant is liable.

In the case of La Forrest vs. O'Driscoll, 26 R. I. at 552, the Court said:

"We do not think it can be said that the falling of pieces of lumber from a car which is being unloaded is such an occurrence as does not happen in the ordinary course of things, even where those who have the charge and control of the work are in the exercise of proper care. On the contrary, we think it may safely be said that it is a matter of common knowledge that such things do frequently occur."

And the Court held that the maxim res ipsa loquitur did not apply.

In a similar way, it would appear to be a matter of common knowledge that snow and ice do frequently fall from buildings during certain times of the year despite due or ordinary care, and that the doctrine of res ipsa loquitur does not apply accordingly. This

opinion is strengthened by the following paragraph from Keller vs. Lederer Realty Corp., 26 R. I. 254, 533, where the Court said:

"As to the point made by counsel for defendant Anthony, that the proximate cause of the injury to plaintiff was the sliding of the ice and snow from the roof, we need only say that, even conceding that this was a proximate cause of the accident, yet the giving way of the eaves-trough was also a proximate cause thereof * * * and it is well settled that, where two causes combine to produce the injury, both in their nature proximate, one of them being a natural cause tor which neither party is responsible, and the other being one for which the defendant is responsible, it is no defence that the former cause concurred with the latter in producing the injury."

It seems obvious from the foregoing that the Court regarded the sliding of snow and ice from a building upon a person below as a natural result, for which there would be no responsibility in the absence of special circumstances.

Without attempting to analyze the cases from other jurisdictions, it seems sufficient to say that in nearly all of them some specific act or fault of the defendant is alleged (as that the building in itself constituted a nuisance by reason of its construction or location, or that its construction or location violated some statute or city ordinance).

The case seems to come within the rule set forth in Smith vs. Tripp, 13 R. I. 152, as follows:

"It is not enough to state a relation from which the duty may arise under certain circumstances but * * * the circumstances which give rise to it must likewise be stated."

The demurrers are sustained.

For Plaintiffs: Cooney & Cooney.

For Defendant: Quinn, Kiernan & Quinn.